UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID JOHN WILLIAMS,

     Plaintiff,

v.

SHELBE SANBORN, et. al.,

     Defendant(s).

Case No. 25-cv-13064

Honorable Robert J. White

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING AND MODIFYING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND SUA SPONTE DISMISSING THE COMPLAINT**

I.    <u>Introduction</u>

Plaintiff David John Williams, proceeding *pro se*, is a prisoner incarcerated at Parnell Correctional Facility in Jackson County, Michigan. *OTIS Offender Search*, OTIS, https://mdocweb.state.mi.us/OTIS2/Results [https://perma.cc/RQY6-NKC9]. He commenced this 42 U.S.C. § 1983 action against a state prosecutor (Shelbe Sanborn), a Saginaw Township police officer (Defendant James McDonald), Michigan State Police troopers (Brian Pitt, David Vergison, and Andrew Longuski), and a state court judge (Defendant Darnell Jackson). (ECF No. 9, PageID.56). While difficult to decipher, Plaintiff's nine-count complaint appears to allege several

constitutional violations stemming from his state court trial where he was convicted on multiple charges related to possession of child sex abuse material. (ECF No. 9, PageID.57). He appears to allege claims sounding in unlawful prosecution, misrepresentation of the trial evidence, and general denials of a fair trial. (*See generally* ECF No. 9).

Before the Court is Magistrate Judge Patricia T. Morris' report and recommendation dated November 12, 2025. (ECF No. 10). The report recommends that the Court dismiss the plaintiff's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) because the statute of limitations have run on the plaintiff's § 1983 claims. (ECF No. 10, PageID.98–100). Plaintiff timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 12).

For the following reasons, the Court will overrule the Plaintiff's objections, adopt in part and modify in part the Magistrate Judge's report and recommendation, and dismiss the plaintiff's complaint.

II.    Background

Since Plaintiff does not object to Magistrate Judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the Magistrate Judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 10, PageID.94 –95).

III.    Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  "In conducting a *de novo* review," however, "the district court is not constrained by the parties' objections." *Childrey v. Chater*, No. 95-1353, 1996 U.S. App. LEXIS 44857, at *3 n.1 (6th Cir. Jul. 25, 1996).  Although the Federal Magistrates Act "does not require" a district judge "to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  Instead, "the discretion Article III requires with respect to dispositive matters permits the district judge to decide such an issue in any way he or she deems proper, and to reject, or pay no attention whatsoever to, the magistrate judge's findings." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2026 Update).

IV.    Analysis

The Plaintiff only raises one objection to the Magistrate Judge's report: that the statute of limitations for his § 1983 claims were effectively tolled while he exhausted his appeals and remedies in state court. (ECF No. 12, PageID.107). But Plaintiff's

claims are barred by the Supreme Court's reasoning in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme court addressed the question of whether a state prisoner could challenge the constitutionality of their conviction in a suit for damages under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 478. The Court held in the negative. The Court reasoned that recovery for damages for allegedly unconstitutional convictions, imprisonment, or other harms "caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff raising a § 1983 claim must prove that the conviction or sentence has been either "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87 (footnote omitted). If the prisoner's conviction is not so overturned or called into question, then a claim for damages under § 1983 is not cognizable. *Id.* at 487. As the Sixth circuit explained, the purpose is to move claims that sound in unlawful-confinement to the proper channel: habeas corpus. *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

But *Heck's* holding sweeps farther than just barring suit for § 1983 claims that attack an underlying conviction. As the Supreme Court explained, the natural extension of *Heck's* holding is that, in cases to which it applies, a cause of action for

the § 1983 claims are denied altogether. *Heck*, 512 U.S. at 479. So "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* Put another way, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90.

With that said, this Court starts where the Court in *Heck* has directed: "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Because the Magistrate judge summarized the counts of the complaint in her report, and Plaintiff did not object, they are reproduced here:

> Plaintiff has divided his allegations into the following counts:
>
> - **Count I:** Unlawful prosecution and continued detention in the absence of probable cause in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights based on willful and deliberate misrepresentation of evidence and failure to disclose material exculpatory evidence (*Id.* at PageID.57)
>
> - **Count II:** Unlawful prosecution, continued detention, and an unfair trial in violation of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights based on deliberate perjury and misrepresentation of evidence on an element (*i.e.*, intent) of the charged crime (*Id.* at PageID.58–59)

- **Count III:** This count is the same as the previous count except that it is based on the introduction into evidence of cellphone internet activity that was misrepresented for the purpose of establishing intent (*Id.* at PageID.59–61)

- **Count V:** This count is the same as the previous count except that it is based on the deliberate introduction and repeated misrepresentations of forensic evidence from an inadmissible laptop (*Id.* at PageID.62–63)

- **Count VI:** This count is the same as the previous two counts except that it is based on the deliberate mixing and misrepresentation of forensic evidence (*Id.* at PageID.64–66)

- **Count VII:** This count is the same as the previous three counts except that it is based on the deliberate omittance of exculpatory forensic evidence (*Id.* at PageID.66–68)

- **Count VIII:** Denial of a fair and impartial trial in violation of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights based on the trial judge allowing jury misconduct (*Id.* at PageID.69–70)

- **Count IX:** Denial of equal protection, due process, and a fair and impartial trial in violation of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights based on the fraudulent acts of the trial judge and prosecutors (*Id.* at PageID.71–76)

(ECF No. 10, PageID.95–7 (emphasis in original)).

All the Plaintiff's claims allege some form of unlawful prosecution or denial of a fair trial because of (1) misrepresentation or fabrication of the trial evidence, (2) failure to disclose or provide exculpatory evidence (a *Brady* violation), and (3) fraudulent or biased acts of the trial judge or prosecutor. Each of these actions, if proven true, would naturally undermine the validity of his conviction, which has not

been overturned. *See Davis v. Kirk*, No. 3:24-CV-227-TRM-JEM, 2025 WL 1371823, at *7 (E.D. Tenn. Jan. 15, 2025), *report and recommendation adopted*, No. 3:24-CV-227, 2025 WL 999485 (E.D. Tenn. Apr. 3, 2025) ("Plaintiff's description shows that the alleged fabricated evidence led his conviction, and therefore, it too is barred by *Heck*."); *see also Sawyer v. Boone Cnty.*, No. 2:22-CV-00071, 2024 WL 4860828, at *15, n.20 (E.D. Ky. Nov. 21, 2024) (dismissing the complaint noting, in part, that the "descriptions of the claim suggest that the fabricated evidence must have led to an eventual conviction" and that "*Heck* bars a fabrication of evidence claim"); *Gause v. Murray*, No. 3:18-CV-378-FDW, 2018 WL 3419277, at *1–*2 (W.D.N.C. July 13, 2018) (dismissing a plaintiff's case because the plaintiff's fraudulent misrepresentation of evidence and unlawful conviction allegations, among others, were *Heck* barred); *Burris v. Kovac*, No. 1:24-CV-968, 2024 WL 4314947, at *7 (W.D. Mich. Sept. 27, 2024) ("However, Plaintiff cannot bring a § 1983 claim for a *Brady* violation related to his current conviction and sentence. A claimed *Brady* violation 'necessarily implies the invalidity of the underlying conviction.'") (quoting *Hobbs v. Faulkner*, No. 19-3303, 2020 WL 12933850, at *2 (6th Cir. June 9, 2020)); *Berry v. Grett*, 2008 WL 3382572, at *3 (N.D. Tex. Aug. 4, 2008) (civil rights claims of false arrest, ineffective assistance of counsel, that prosecutor withheld favorable evidence, and that judge was biased, all barred by *Heck*). Thus, Plaintiff's case must be dismissed because his claims are *Heck* barred.

But the Court is bound to liberally construe the filings of *pro se* litigants. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). And while no claim at first blush appears to be pleaded in such a way to avoid *Heck's* barring, to the extent any one of Plaintiff's claims could be construed as not barred by *Heck*, they would instead be barred by the statute of limitations. "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). Plaintiff has not objected to the Magistrate Judge's finding that the state of Michigan's statute of limitations for personal injury claims governs. (ECF No. 10, PageID.98). In Michigan, the statute of limitations for a personal injury claim is three years. *Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018) (citing Mich. Comp. Laws § 600.5805(2)).

However, federal law governs when the statute of limitations in a § 1983 case begins to run. *Green*, 759 F. App'x at 414. "'The statute of limitations commences when the plaintiff knows or has reason to know of [their] injury which is the basis of [their] action[;]' a plaintiff has reason to know of [their] injury when [they] should have discovered it through the exercise of reasonable diligence." *Id.* (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Plaintiff objects that the statute of limitations was tolled while he exhausted his state court remedies. (ECF No. 12, PageID.107). He argues that he was exhausting his remedies through February 16, 2024. (*Id.*) However, Plaintiff is incorrect on two fronts. First, there is nothing that says that the statute of limitations for a § 1983 claim is tolled while a plaintiff seeks appellate review in the state courts. Second, even if there were, the Plaintiff's appeals of his conviction ended in September of 2021 when the Michigan Supreme Court denied his appeal. (*See* ECF No. 12, PageID.106). From there, Plaintiff waited nearly two years before filing a civil complaint in state court in 2023. (*See id.*) It is that case that appears to have ended in 2024. (*Id.* at PageID.106–07). So, even if the statute of limitations for his claims tolled while he appealed his conviction in state court, Plaintiff's case would still be untimely because the clock would have accrued in 2021 after the state Supreme Court denied his final appeal, four years before filing this case.

Accordingly, IT IS ORDERED that Plaintiff's objections to the Magistrate Judge's report and recommendation (ECF No. 12) are overruled.

Further, IT IS ORDERED that the Magistrate Judge's report and recommendation (ECF No. 10) is adopted in part and modified in part.

Further, IT IS ORDERED that the Plaintiff's complaint is dismissed without prejudice.

- 10 -

Dated: July 17, 2026                    s/ Robert J. White
                                        Robert J. White
                                        United States District Judge